NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30153 |
| Plaintiff-Appellee, | D.C. No.<br>3:19-cr-00059-SLG-MMS-1 |
| v. | |
| ULYSSES EDWARD WARD, AKA Uly, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted October 5, 2021[**]
Seattle, Washington

Before: PAEZ, M. SMITH, and NGUYEN, Circuit Judges.

Defendant Ulysses Edward Ward was convicted of one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Ward challenges the district court's admission of a confidential informant's audio and video recordings into evidence over defense counsel's Confrontation Clause

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

objection. Ward also contends that the district court erred by not finding that his *Brady* rights were violated when the prosecution did not reveal the confidential informant's identity or call the informant to testify. *Brady v. Maryland*, 373 U.S. 83 (1963). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

This court reviews de novo alleged violations of the Confrontation Clause. *United States v. Cazares*, 788 F.3d 956, 972 (9th Cir. 2015). The Confrontation Clause prohibits admitting out-of-court testimonial statements without the opportunity for cross examination, but "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 53–54, 59 n.9 (2004). Here, the district court properly admitted the confidential informant's statements along with a jury instruction to consider these statements not "for the truth of the matter asserted," but rather only for context. Because the confidential informant's statements were not offered for their truth, "the admission of such context evidence does not offend the Confrontation Clause." *United States v. Barragan*, 871 F.3d 689, 705 (9th Cir. 2017) (quoting *United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006)).

Ward also contends that his *Brady* rights were violated because the government did not disclose the identity of the confidential informant before trial or

call the informant to testify. Because Ward did not raise this *Brady* claim in the district court, we review "to determine if [its] denial would constitute plain error affecting the appellant's substantial rights." *United States v. Guzman-Padilla*, 573 F.3d 865, 890 (9th Cir. 2009).

To bring a successful *Brady* claim, "(1) the evidence at issue must be favorable to the accused, (2) the evidence must have been suppressed by the State, and (3) the suppression must have been prejudicial." *Comstock v. Humphries*, 786 F.3d 701, 708 (9th Cir. 2015). Here, the government did not suppress evidence because it has a limited privilege to withhold the identity of confidential informants. *Roviaro v. United States*, 353 U.S. 53, 59–60 (1957); *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990). The defendant bears the burden to prove the need for disclosure of a confidential informant. *Sanchez*, 908 F.2d at 1451. Ward contends that the government suppressed evidence because "by not naming, or calling, the witness," it avoided pretrial litigation about whether the identity of the informant should be disclosed. However, Ward's counsel could have raised a motion for disclosure, especially because Ward received the confidential informant's audio and video recordings before trial. The government's nondisclosure of the confidential informant's identity does not constitute plain error affecting his substantial rights.

The judgment of the district court is **AFFIRMED.**